UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>           Plaintiff,<br><br>      v.<br><br>RAMOS DIAZ ENTERPRISES, INC., ET AL.,<br><br>           Defendants. | No.  1:22-cv-01397-KJM-KJN<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER |

Presently pending before the court is plaintiff Darren Gilbert's ("plaintiff's") motion for default judgment against defendants Ramos Diaz Enterprises, Inc., doing business as Guayabitos Restaurant, and defendant Godavri Properties, LLC (hereinafter "defendants").[1]  (ECF No. 23.)

After defendants failed to file an opposition to the motion, the motion was submitted on the record and written briefing pursuant to Local Rule 230(g).  (ECF No. 26.)  For the reasons discussed below, the court now recommends that plaintiff's motion for default judgment be GRANTED.

///

///

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

I. <u>Background</u>

This is a civil rights action filed by plaintiff under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12181-12189) ("ADA") and related California statutes, alleging discrimination at the store known as Guayabitos at 500 Kansas Avenue, Suite A Modesto, California 95351 (hereinafter "the facility"). (<u>See generally</u> ECF No. 1.) Defendants own and operate the facility and the real property in and on which the facility is located. (<u>Id.</u> at ¶ 7.) Plaintiff is a physically disabled man who relies on a wheelchair, knee scooter, or prosthetic for mobility. (<u>Id.</u> at ¶ 8.)

Plaintiff alleges that on July 15, 2022, he visited the facility to purchase dinner. (<u>Id.</u> at ¶ 10.) Plaintiff parked in a designated accessible parking stall in the facility parking lot, where he found that the curb ramp along the route to the facility entrance projected out into the access aisle and was unevenly and excessively sloped with sharp drop-offs on either side, making it difficult for him to maintain his balance as he ascended and descended the ramp using his prosthetic leg. (<u>Id.</u>) Plaintiff alleges that if he returns to the facility using his wheelchair, it will be difficult for him to unload from his vehicle since the access aisle contains excessive slopes due to the curb ramp. Plaintiff was, and continues to be, deterred from visiting the facility because of this barrier. (<u>Id.</u> at ¶ 12.)

A clerk's default was entered against defendant Ramos Diaz Enterprises, Inc on December 5, 2022, and against defendant Godavri Properties, LLC on January 10, 2023. (ECF Nos. 7, 9.) On July 20, 2023, the court declined to exercise supplemental jurisdiction over plaintiff's Unruh Act Claim. (ECF Nos. 14, 15.) Plaintiff filed the instant motion for default judgment on the ADA Claim on November 17, 2023. (ECF No. 23.) Plaintiff seeks attorneys' fees and costs in the amount of $3,203.41 and an injunction requiring the removal of the barriers to plaintiff's access. (ECF No. 23-1 at 10.)

II. <u>Legal Standard – Default Judgment</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not

1 automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim").  A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

////////

////////

////////

////////

3

III.   Discussion

    A.   The Eitel Factors Weigh in Favor of Granting Default Judgment

        1.   *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

        2.   *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc.,

4

481 F.3d 724, 730 (9th Cir. 2007).  Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges:  (1) plaintiff is disabled (ECF No. 1 at ¶ 8 ); (2) defendants own, lease, and/or operate the facility, which is a place of public accommodation (id. at ¶¶ 7, 9); (3) plaintiff was denied full and equal access to defendants' facilities, privileges, and accommodations because of plaintiff's disability (id. at ¶ 10); (4) defendants' facility contains a specified architectural barrier—an excessively sloped curb ramp leading up to the entrance—in violation of the ADA (id. at ¶ 10); and (5) defendants had the means and ability to remove such barriers (id. at ¶ 13).  Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a prima facie Title III discrimination claim.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  In this case, plaintiff seeks injunctive relief and attorneys' fees and costs in the amount of $3,203.41.  (ECF No. 23-1 at 10.)  The court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment.  This factor favors the entry of a default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.

5

Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

        5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

There is no indication in the record that defendants' defaults were due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

        6.      *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants, and recommends that such a default judgment be entered.

    IV.    Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiff seeks an injunction requiring the removal of the architectural barrier to plaintiff's access. (ECF No. 23-1 at 10.) Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barrier at issue.

Plaintiff also seeks attorneys' fees and costs in the amount of $3,203.41. (Id.) The ADA specifically contemplates the award of attorneys' fees and costs. See 42 U.S.C. § 12205.

Plaintiff requests $859.41 in costs for pre-filing investigation, the filing fee, and for service of summons, which are reasonable and should be awarded. (ECF Nos. 23-1 at 8.) Attorney Tanya E. Moore spent 4.9 hours on this matter, at a rate of $300 per hour, for a total of $1,470. (ECF No. 23-1 at 7.) Paralegal Whitney Law spent 3.5 hours on this matter, at a rate of $115 per hour, for a total of $402.50. (Id.) Paralegal Isaac Medrano spent 4.1 hours on this matter, for a total of $471.50 at $115 per hour. (Id.) The same rates have been found to be reasonable by court in this district and the hours spent appear reasonable. See Block v. Starbucks, 2018 U.S. Dist. LEXIS 154849 at * 17-20 (E.D. Cal. Sept. 10, 2018). The court therefore finds the requested amount of attorneys' fees are also reasonable and therefore recommends attorneys' costs and fees in the amount of $3,203.41 be awarded.

## RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 23) be GRANTED;
2. Judgment be entered in plaintiff's favor and against defendants;
3. Plaintiff be awarded attorneys' fees and costs in the amount of $3,203.41;
4. Plaintiff be granted an injunction requiring defendants to provide a properly configured accessible curb ramp along the route to the facility entrance at the property known as Guayabitos Restaurant, located at 501 Kansas Avenue, Suite A in Modesto, California ("the Facility"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24;
5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith personally serve a copy of this order and findings and recommendations on defendants at 501 Kansas Avenue, Suite A in Modesto, California and file proof of service with the court within seven days of this order.

Dated: February 12, 2024

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

RS, gilb.1397